## 62507. McCLAIN v. JOHNSON.

SOGNIER, Judge.

McClain sued Johnson alleging legal malpractice in drafting the property settlement agreement which was incorporated into her divorce decree of July 2, 1964. Appellant's complaint was filed on February 2, 1981 and alleges that a provision that she would receive alimony subsequent to the termination of child support was left out of the agreement by Johnson, her attorney in the divorce action. Appellant discovered the omission when her youngest child reached the age of 18 in 1979 and child support terminated. The trial court granted appellee's motion to dismiss the action because it was barred by the statute of limitation.

Appellant contends the trial court erred in dismissing the complaint because the statute of limitation should begin to run at the time she discovered her attorney's error. We do not agree.

The applicable statute of limitation for an alleged breach of duty imposed by the attorney-client contract of employment is four years. Code Ann. § 3-706; *Riddle v. Driebe,* 153 Ga. App. 276, 279 (265 SE2d 92) (1980). "It is not the special damage or injury resulting from the unskillfulness of an attorney at law in the representation of his client's interests, but the breach of the duty imposed by the contract of employment, which gives a right of action for damages sustained.

The statute of limitations [sic] in such a case runs, therefore, from the date of the breach of duty, and not from the time when the extent of the resulting injury is ascertained." *Gould v. Palmer & Read,* 96 Ga. 798 (22 SE 583) (1895); *Riser v. Livsey,* 138 Ga. App. 615 (227 SE2d 88) (1976). The alleged unskillful act was the drafting of the agreement which was signed by appellant in 1962 and made a final judgment of the court in 1964. Thus, the trial court correctly dismissed the action as being barred by the statute of limitation.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

Decided November 2, 1981 —
Rehearing denied December 1, 1981 — ▮▮▮▮▮▮

*Wayne M. Purdom,* for appellant.
*B. J. Smith,* for appellee.