64798. FRATES et al. v. SUTHERLAND, ASBILL & BRENNAN et al.

Birdsong, Judge.

Legal Malpractice. Appellant filed suit against appellees on February 28, 1980, seeking damages in the amount of $3,000,000 for the alleged failure on the part of appellees to perform legal services on behalf of appellant's predecessor in interest, Frates Properties, Inc. (Frates), with the requisite skill and care as well as for appellees' alleged breach of fiduciary obligations arising from the attorney-client relationship. The gravamen of this action concerns appellees' alleged failure to include an assignment to Frates of certain leaseholds of Underground Atlanta, Inc., in an agreement drafted by appellee law firm and executed on June 25, 1974. Appellant also complains that appellees breached fiduciary obligations arising from the attorney-client relationship by failing to disclose an alleged conflict of interest arising from the simultaneous representation of Frates and Underground Atlanta, Inc., by misleading Frates into believing that all leasehold interests had been assigned, and by misleading Frates as to the significance of the alleged failure to receive the unassigned leasehold interests.

Appellees moved the trial court alternatively for summary judgment, judgment on the pleadings, and to dismiss for failure to state a claim on the following grounds: (1) the claim is barred by the four-year statute of limitation; (2) a claim for negligence in the performance of legal services is not assignable and, therefore, appellant is not the real party in interest; and (3) appellant is bound by his execution of the agreement on June 25, 1974, and may not now complain of counsel's alleged failure to include an assignment of certain leaseholds in that agreement. In support of their motion, appellees produced the affidavits of two of the attorneys named as defendants. The affidavits set forth the factual background to the representation of Frates, and state that the affiants and all other

appellees "did exactly what we were requested to do in the performance of our duty to Frates with respect to the preparation of the Deed to Secure Debt, Assignment of Leases and Agreement of June 25, 1974, employing the skill, prudence, and diligence that lawyers of ordinary skill and capacity commonly possess and exercise." The affiants further deposed that they were "never requested to provide any services beyond those services actually provided in the preparation of the Agreement of June 25, and the Deed to Secure Debt and Assignment of Leases. The only attorneys at [appellee law firm] who had any contact with Frates . . . with respect to the preparation of the Deed to Secure Debt, Assignment of Leases and Agreement of June 25, were [affiants]." After the filing of the motion, appellant attempted to add Frates as a party plaintiff without obtaining an order of the court pursuant to Code Ann. § 81A-121.

The trial court granted appellees' motion without opinion. Appellant has filed timely appeal from that order and enumerates as error the trial court's grant of summary judgment on each of the grounds stated in support of appellees' motion. *Held:*

1. Pretermitting the questions raised on appeal concerning the assignability of a legal malpractice claim, the propriety of the attempted addition of Frates as a party plaintiff, and the binding effect of the execution of the June 25, 1974, agreement by Frates, the trial court's grant of summary judgment to appellees is supported on two other grounds clearly established by the record on appeal.

First, appellant's claim was not filed within the applicable statute of limitation. "The applicable statute of limitation for an alleged breach of duty imposed by the attorney-client contract of employment is four years. Code Ann. § 3-706; *Riddle v. Driebe,* 153 Ga. App. 276, 279 (265 SE2d 92) (1980)." *McClain v. Johnson,* 160 Ga. App. 548 (288 SE2d 9). The statute commences to run "from the date of the breach of duty, and not from the time when the extent of the resulting injury is ascertained." *McClain,* supra, p. 549. The inquiry into whether the statute of limitation bars the present action is threefold: when did the alleged breach of duty occur; has the statute been tolled for any reason; and, does any fact mandate the application of the six-year statute applicable to actions based on written contracts (Code Ann. § 3-705)?

The unrebutted affidavits of the two attorneys performing the legal services for Frates establish that the only services requested or performed by appellees concerned the preparation of the agreement of June 25 and the accompanying security deed and lease assignment. The affidavit of a former officer of Frates, offered in opposition to appellees' motion, does not establish any legal service performed by

appellees after the execution of the June 25 agreement and attendant documents. It is clear from appellant's claim that all alleged damage for which compensation is sought in this action necessarily accrued from appellees' alleged failure to include certain leasehold interests in the assignment. Although appellant contacted appellees in September, 1977, when appellant discovered the leases allegedly missing from the assignment, and received a reply confirming the absence of certain leasehold interests and commenting on the impact of their omission, there is absolutely no fact disclosed by the record to indicate that appellees undertook to perform legal services for Frates subsequent to the 1974 agreement. Each of appellant's allegations relating to the alleged conflict of interest of appellees relates only to the services actually performed and the impact the alleged conflict may have had on the quality of those services. The failure to correct an alleged act of malpractice does not constitute a separate act of malpractice. *Jankowski v. Taylor, Bishop & Lee,* 246 Ga. 804 (2) (273 SE2d 16). Consequently, it is clear that the statute of limitation began to run in June, 1974, when the services rendered by appellees on behalf of Frates consummated in the agreement and attendant documents.

Appellant argues that the statute should be tolled until March, 1979, when the alleged breach of duty was "discovered," due to appellees' fraud in failing to disclose: first, the alleged conflict of interest; second, the failure to include all leasehold interests as security; and third, the impact of that failure. Appellees argue that the issue of fraud is not properly before this court. However, appellant alleged fraud in the amended complaint, in which it also sought improperly to add Frates as a party plaintiff. See Code Ann. § 81A-121. Although we will consider appellant's allegations of fraud as properly made in the amended complaint, see Code Ann. §§ 81A-109 (c) and 81A-115 (a), it is clear that the record contains no facts that would establish fraud sufficient to toll the statute of limitation.

"The fraud which will relieve the bar of the statute of limitation must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action." *Riddle v. Driebe,* 153 Ga. App. 276, 280 (265 SE2d 92). The only fraud that would toll the statute of limitation in the present action would be fraud actually preventing or deterring appellant from bringing suit for the appellees' alleged breach of duty in failing to include all leasehold interests in the assignment. Appellant has not shown that it was prevented or deterred by any act of appellees from discovering the leasehold interests allegedly missing from the assignment. In fact, there is nothing in the record to indicate that appellant would not have discovered that fact at the time the

documents were executed if he had chosen to read and review the documents carefully. The "expressions of opinion" by appellees as to the impact of the alleged failure to include all leasehold interests is "not sufficient to establish the fraud required to toll the statute of limitation pursuant to Code § 3-807." *Riddle,* supra, p. 281. As to the alleged concealment of appellees' conflict of interest, the record clearly establishes that Frates knew of the dual representation from the very beginning of the representation by appellees. The record affirmatively demonstrates no basis upon which appellant can base his claim of fraud.

Finally, appellant argues that the six-year statute of limitation, Code Ann. § 3-705, is applicable to this action. Appellant's argument in this regard is based upon a letter, dated February 28, 1974, from appellees to Frates. The letter confirmed the "recent conversations concerning the employment of our firm to represent Underground Atlanta and Frates Properties in connection with the expected condemnation by [MARTA] of a portion of the leasehold estate held by Underground." The letter then outlined in detail the fee and billing arrangement and disclosed a potential conflict of interest unrelated to that claimed in the present action. The letter requested the assent of Frates through the return of a signed copy. "This letter does not constitute the entire contract between the parties. 'When a contract is not wholly in writing, but is partly in writing and partly in parol, the entire contract is considered as one in parol.' [Cit.]" *Jankowski v. Taylor, Bishop & Lee,* 154 Ga. App. 752, 754-755 (269 SE2d 871), affirmed, 246 Ga. 804 (273 SE2d 16). The distinctions appellant attempts to make between the letter in the present case and that in *Jankowski* are irrelevant to the issue at hand. *Jankowski* was based on the fact that the letter concerned only a portion of the agreement between the parties. Likewise, in the present case, the letter merely confirms representation in broad terms and outlines in detail only the fee arrangement between the parties. It clearly does not constitute the entire agreement for legal services between the parties. This action is, accordingly, limited by the four-year statute. Code Ann. § 3-706. Since the action was not brought within four years of the date the cause of action accrued, appellees are entitled to summary judgment.

2. It is well established that "except in clear and palpable cases . . . expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice." *Hughes v. Malone,* 146 Ga. App. 341, 345 (247 SE2d 107). "[I]n those cases where the plaintiff must produce an expert's opinion in order to prevail at trial, when the defendant produces an expert's opinion in his favor on motion for

summary judgment and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant." *Howard v. Walker,* 242 Ga. 406, 408 (249 SE2d 45).

The evidence before the trial court contained affidavits from two attorneys licensed to practice in Georgia stating the opinion that all services performed by appellees for Frates were performed with the requisite degree of skill and care. These opinions have not been rebutted by appellant. "[I]n a legal malpractice case, the presumption is that the legal services were performed in an ordinarily skillful manner. This presumption remains with the attorney until the presumption is rebutted by expert legal testimony; otherwise, the grant of a summary judgment in favor of the attorney is proper." *Hughes v. Malone,* supra, p. 349. The evidence before the trial court in this case pierced the allegations of the complaint and established that the services performed by appellees were performed with the proper skill and care. Consequently, the trial court's order is also supported on this ground.

3. "The purpose of the Summary Judgment Act is to eliminate the necessity for trial by jury where, giving the opposing party the benefit of all reasonable . . . inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law." *Riddle v. Driebe,* supra, p. 281. "If the trial court is correct for any reason, it will be affirmed." *Clover Realty Co. v. Todd,* 237 Ga. 821, 823 (229 SE2d 649). As appellees are entitled to judgment as a matter of law, the trial court was proper in awarding them summary judgment.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 2, 1982.

A. *Leigh Baier,* for appellants.
*Paul M. Hawkins, Howell Hollis III,* for appellees.