## 73874. EKERN v. WESTMORELAND.

(353 SE2d 571)

Deen, Presiding Judge.

Ann Ekern brought suit against John L. Westmoreland for legal malpractice contending that his representation of her in a divorce proceeding was performed in a negligent, careless manner. Ekern claims that pursuant to Westmoreland's representation of her he prepared a separation agreement between appellant and her former husband to arrange their respective property interests, custody rights, alimony and maintenance. Under the terms of the agreement which was signed on May 30, 1979, appellant was to receive an equity interest in their home. Ekern contends that in drafting the agreement, appellee failed to obtain the official signatures of the actual owners of the home, Universal Profile, Inc. (a corporation apparently owned by Mr. Ekern), and that appellee either knew of or should have known that these signatures were required. The separation agreement was incorporated into the final divorce decree rendered on October 18, 1979. Ekern contends that because of the error contained in the separation agreement she lost her equity interest in the home in a subsequent bankruptcy proceeding which involved the corporation. Ekern filed suit against appellee on October 14, 1983, and the trial court granted appellee's motion for summary judgment holding that Ekern's cause of action was barred by the statute of limitations. Ekern appeals contending that the court below applied the wrong time period for determining the running of the statute of limitations in that the court found that the time began running from the time the separation agreement was signed and not from the time the final divorce decree was entered. *Held*:

Both parties agree that the applicable statute of limitations for legal malpractice in this state is four years and that the statute of limitations begins to run from the attorney's breach of duty which is the date of the alleged negligent or unskillful act. *McClain v. Johnson*, 160 Ga. App. 548 (288 SE2d 9) (1981); *Riddle v. Driebe*, 153 Ga. App. 276 (265 SE2d 92) (1980). The issue for determination in this appeal is when the statute of limitations began to run in this case. In her answers to interrogatories, appellant identified the specific acts of malpractice committed by appellant by stating: "Defendant failed to protect the rights of the plaintiff by failing to secure the proper official signatures on documents pertaining to company owned property that plaintiff received an interest in through the separation agreement of May, 1979." An examination of the separation agreement shows that it provided that while it was made without consenting to a divorce, the agreement "shall be offered in evidence" and "shall be incorporated by reference in any decree that may be granted between the parties."

We find therefore that prior to its incorporation into the divorce decree, the separation agreement bound the parties to its terms and if it was improperly drawn by Ekern's attorney, appellant was damaged as a result of improper drafting when it became a binding obligation between the parties on May 30, 1979. "[T]he period within which a suit may be brought is measured from the date upon which the plaintiff could have successfully maintained the action. [Cits.] By statute, Georgia recognizes the accrual of a right of action for a tort where there is a violation of a specific duty accompanied with damage. [OCGA § 51-1-8.] This statutory rule appears to be compatible with the general rule in most jurisdictions to the effect that both the wrongful act and the damage must exist in order for there to be a cause of action. . . . In legal malpractice cases, this court has followed the doctrine that a right of action arises immediately upon the wrongful act having been committed, even though there are no special damages." *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 805 (273 SE2d 16) (1980).

Accordingly, we find that appellant's action for legal malpractice is barred by the statute of limitations.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 26, 1987 —
REHEARING DENIED FEBRUARY 11, 1987 —

*L. Scott McLarty*, for appellant.
*Robert H. Cleveland, Joseph C. Parker*, for appellee.