A90A2362. ARNALL, GOLDEN & GREGORY v. HEALTH SERVICE CENTERS, INC.
(399 SE2d 565)

DEEN, Presiding Judge.

Health Service Centers, Inc. ("HSC"), brought a legal malpractice action against Arnall, Golden & Gregory ("AG&G") alleging negligence in the drafting of an agreement between HSC and Evan Boddy, the owner of a nursing home. On July 29, 1980, HSC and Boddy entered into a lease agreement containing an option to purchase the nursing home. On August 8, 1980, the parties entered into another agreement including a lease which provided, in part, that HSC would lease the nursing home and that HSC would have the right of first refusal if Boddy tried to sell the home during the term of the lease. This agreement also contained a merger clause which provided that it constituted the entire agreement between the parties. All the documents in question were drafted by AG&G. When HSC attempted to exercise its option to purchase the nursing home in 1985, Boddy repudiated the validity of the option. In *Health Svc. Centers v. Boddy*, 257 Ga. 378 (359 SE2d 659) (1987), the Supreme Court held that the option provision contained in the July 29, 1980, agreement did not survive the agreement of August 8, 1980, because of the

merger provision. HSC then brought suit against AG&G on July 14, 1989, alleging legal malpractice in drafting the second contract. The complaint was later amended to contend that AG&G made assurances that the purchase option contained in the first contract was valid, and that the law firm concealed the fact that no option had been created. An affidavit was submitted by HSC to support its contention. AG&G moved to dismiss the complaint, contending that the statute of limitation on HSC's claim had run.

The trial court recognized the statute of limitation claim, but held that under *Whitehead v. Cuffie*, 185 Ga. App. 351 (364 SE2d 87) (1987), there had to be both negligence and damages shown to sustain a malpractice action, and if there was no harm there was no breach of duty. The court went on to hold that the statute of limitation was tolled until the harm was done, i.e., the attempt to exercise the option. The lower court also considered the plaintiff's affidavit and held that there were questions of fact as to a fraud issue.

1. The trial court erred in holding that *Whitehead v. Cuffie*, supra, was controlling. That case did not involve a statute of limitation question, and the case law in Georgia has always held "that a cause of action for legal malpractice, alleging *negligence or unskillfulness*, sounds in *contract* (agency) and, in the case of an oral agreement, is subject to the four-year statute of limitation in OCGA § 9-3-25. . . . (Cits.)" *Ballard v. Frey*, 179 Ga. App. 455 (3) (346 SE2d 893) (1986). "In Georgia legal malpractice is based upon the breach of a duty imposed by the attorney-client contract of employment, and as such, the applicable statute of limitation is four years." (Citations and punctuation omitted.) *Royal v. Harrington*, 194 Ga. App. 457, 458 (390 SE2d 668) (1990). See also *Ekern v. Westmoreland*, 181 Ga. App. 741 (353 SE2d 571) (1987); *Frates v. Sutherland, Asbill & Brennan*, 164 Ga. App. 243 (296 SE2d 788) (1982); and *Riddle v. Driebe*, 153 Ga. App. 276 (265 SE2d 92) (1980). Appellee's argument that it did not sustain any damage until it attempted to exercise the option is without merit. The damage was done at the time the August 8, 1980, contract was signed because the merger clause it contained destroyed the option provision of the July 29, 1980, contract, and it failed to include another option provision. Appellee paid consideration for the option, but did not get it.

2. Appellant contends that HSC's complaint does not allege fraud with the sufficiency necessary to toll the statute of limitation under OCGA § 9-3-96. "The fraud which will relieve the bar of the statute of limitation must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action. [Cit.]" *Riddle v. Driebe*, supra at 280. In *Riddle*, this court held that mere statements by the attorney that the documents that he prepared for the plaintiff were legally sufficient are not ac-

tionable as actual fraud or designed to deter or debar him from filing suit, and are not sufficient to toll the statute of limitation. "Fraud cannot consist of mere broken promises, unfilled predictions or erroneous conjecture as to future events. [Cits.]" *Riddle v. Driebe*, supra at 281. A confidential relationship between the parties, however, lessens, if not negates, the necessity for showing actual fraud. *Sutlive v. Hackney*, 164 Ga. App. 740, 741 (297 SE2d 515) (1982). " 'Where a person sustains towards (another) a relation of trust and confidence, his silence when he should speak, or his failure to disclose what he ought to disclose, is as much a fraud in law as an actual affirmative false representation.' *Morris v. Johnstone*, 172 Ga. 598 (3) (158 SE 308) (1931)." *Sutlive v. Hackney*, supra at 742. In the pleadings and affidavit, plaintiff alleged that it received several assurances from AG&G that an enforceable option to purchase was in existence. Indeed, the record reveals that AG&G continued to represent HSC through the appeal in *Health Svc. Centers v. Boddy*, supra. In view of the confidential and highly sensitive nature of the relationship between the attorney and his client, we must find that the rule set forth in *Sutlive v. Hackney*, supra, is controlling. Attorneys are held to the same standard with respect to their fraudulent actions or omissions with their clients as doctors are with their patients. See *Hughes v. Malone*, 146 Ga. App. 341, 345 (247 SE2d 107) (1978); *Berman v. Rubin*, 138 Ga. App. 849, 853 (227 SE2d 802) (1976). Concealment per se constitutes actual fraud where one party has the right to expect full communication of the facts from another. "Where the fraudulent concealment . . . is in breach of a confidential relation involving a duty to make full disclosure, the statute [of limitation] does not begin to run until the discovery of the fraud. [Cit.]" *Lowe v. Presley*, 86 Ga. App. 328, 333 (71 SE2d 730) (1952).

Construing the pleadings in favor of the party opposing the motion for summary judgment, *Mixon v. Ga. Bank &c. Co.*, 154 Ga. App. 32 (267 SE2d 483) (1980), we agree with the trial court that there remain questions of fact requiring jury resolution about AG&G's representations as to the purchase option.

3. Appellant argues that the trial court should not have converted its motion to dismiss into one for summary judgment without giving it 30 days' notice as required under OCGA § 9-11-56. We cannot find where appellant raised an objection in the lower court after the court converted the motion to dismiss into one for summary judgment, and it did not enumerate the court's action as error on appeal. Enumerations of error cannot be enlarged by brief to cover an issue not raised in the enumeration. *Fulton County v. Collum Properties*, 193 Ga. App. 774, 777 (388 SE2d 916) (1989).

*Judgment affirmed in part and reversed in part. Pope and Beasley, JJ., concur.*

DECIDED NOVEMBER 29, 1990.

*Pursley, Howell, Lowery & Meeks, Paul A. Howell, Jr.*, for appellant.

*Jones, Brown & Brennan, Taylor W. Jones, Rebecca A. Copeland*, for appellee.