A92A0703. SILER et al. v. BLOCK et al.
(420 SE2d 306)

BEASLEY, Judge.

Barbara Siler, individually and as next friend of her minor son Daniel Todd Siler, brought this action naming as defendants Block, the physician who had provided her with obstetrical care and treatment, and the professional corporation through which he practices. Defendants allegedly administered the drug Provera negligently, so that the minor plaintiff was seriously and permanently injured.

Defendants began rendering obstetrical care and treatment to Barbara Siler in 1975, and Daniel was born in October of that year. Barbara instituted the original action in December 1986 and dismissed it without prejudice in August 1990 pursuant to OCGA § 9-11-41 (a). She filed the present action in February 1991, within six months of dismissing the original complaint. Daniel was age 15 when the suit was refiled. The trial court granted defendants' motion for summary judgment, concluding that this action is barred by OCGA § 9-3-73 (c) (2) (A).

1. Plaintiffs contend that they had a right to dismiss the earlier action and renew it under OCGA § 9-2-61 (a). That section provides

in pertinent part: "When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . either within the original period of limitations or within six months after discontinuance or dismissal, whichever is later. . . ."

A recommenced action " 'is an action *de novo*,' not a continuance of the original action. (Emphasis in original.) [Cit.] 'The same cause may be renewed, recommenced, or brought over, but is in effect *de novo*, except that the statute of limitation does not run, provided it is brought within six months from the time of the dismissal. (Cit.)' (Emphasis in original.) [Cits.]" *Archie v. Scott*, 190 Ga. App. 145, 146 (2) (378 SE2d 182) (1989); also see *Rakestraw v. Berenson*, 153 Ga. App. 513 (266 SE2d 249) (1980).

Defendants contend that this action is barred by OCGA § 9-3-73 (c) (2) (A), which is the statute of repose applicable to medical malpractice actions brought by or on behalf of minors and others with legal disabilities. Defendants argue that the right to dismiss and renew under OCGA § 9-2-61 tolls the statute of limitation but not the statute of repose.

The distinction between limitation and repose is stated in *Hill v. Fordham*, 186 Ga. App. 354, 357 (2) (367 SE2d 128) (1988): "A statute of limitation is a procedural rule limiting the time in which a party may bring an action for a right which has already accrued. A statute of ultimate repose delineates a time period in which a right may accrue. If the injury occurs outside that period, it is not actionable. [Cit.]" See also *Daniel v. American Optical Corp.*, 251 Ga. 166 (304 SE2d 383) (1983).

Statutory limitations for medical malpractice actions are found in OCGA §§ 9-3-70 through 9-3-74. OCGA § 9-3-71 (a) generally requires an action for medical malpractice to be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred. OCGA § 9-3-71 (b) states that "in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." Thus, subsection (a) creates a two-year statute of limitation, and subsection (b) creates a five-year statute of ultimate repose and abrogation. See subsection (c).

Prior to 1987, OCGA § 9-3-73 provided that "[t]he disabilities and exceptions prescribed in Article 5 of this chapter in limiting actions on contracts shall be allowed and held applicable to actions, whether in tort or contract, for medical malpractice." In 1987, the General Assembly amended this Code section by designating the foregoing as subsection (a), adding "Except as provided in this Code section" at the beginning of subsection (a), and adding subsections (b)

through (g).

Subsection (b) states: "Notwithstanding Article 5 of this chapter . . ., all minors who have attained the age of five years shall be subject to the periods of limitation for actions for medical malpractice provided in this article. A minor who has not attained the age of five years shall have two years from the date of such minor's fifth birthday within which to bring a medical malpractice action if the cause of action arose before such minor attained the age of five years." According to subsection (c), this is a statute of limitation.

In pertinent part, subsection (c) states: "Notwithstanding subsections (a) and (b) . . . , in no event may an action for medical malpractice be brought by or on behalf of: . . . (2) A minor: (A) After the tenth birthday of the minor if such minor was under the age of five years on the date on which the negligent or wrongful act or omission occurred." According to subsection (d), this is a statute of repose. Siler's suit is in this category.

Under subsection (g), no action barred before July 1, 1987, by the 1987 amendment but not barred by prior law would be barred until July 1, 1989. See *Mansfield v. Pannell*, 261 Ga. 243 (404 SE2d 104) (1991); *Hill*, supra.

OCGA § 9-2-61 (a) allows a dismissed action to be renewed after expiration of the applicable statute of limitation. It says nothing about a statute of repose. The subsequent enactment of OCGA §§ 9-3-71 and 9-3-73 clearly distinguishes between the statutes of limitation and the statutes of repose. OCGA § 9-3-73 (b) concerns the tolling of the statute of limitation for certain minors, and OCGA § 9-3-73 (c) states that "in no event" may the action be brought beyond the designated date. The result is that the renewal provisions of OCGA § 9-2-61 (a) may not be used to avoid the bar of the statute of repose.

2. Plaintiffs argue that the statute of repose is being applied retroactively.

The law, enacted in 1987, acts as a bar to the suit filed in 1991, not to the suit filed in 1986. This law existed at the time the original complaint was dismissed in 1990. Consequently, the parties have not been denied a period after enactment of the statute to perfect their rights. See *Mansfield*, supra; *Hill*, supra. Accordingly, there is no merit in plaintiffs' contention that their constitutional rights of due process and equal protection have been violated.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 20, 1992 —
RECONSIDERATION DENIED JUNE 26, 1992 —

*William Q. Bird, Steven R. Wisebram*, for appellants.

*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Mark E. Robinson*, for appellees.