A95A0514, A95A0515. JONES, DAY, REAVIS & POGUE
v. AMERICAN ENVIRECYCLE, INC.; and vice versa.
(456 SE2d 264)

BIRDSONG, Presiding Judge.

These appeals arise from a suit averring legal malpractice initiated by plaintiff, American Envirecycle, Inc. (AEI) against the defendant law firm of Jones, Day, Reavis & Pogue (law firm), based on the participation of Hansell & Post, predecessor to appellant/defendant law firm, in the drafting of a contract for the purchase by AEI of certain real property from Emanuel County Development Authority (ECDA) for the purpose of constructing a bio-medical and industrial waste incineration facility. Public opposition arose to this project and ultimately ECDA refused to convey the property notwithstanding the tender of the purchase price by AEI. In October 1990, ECDA sued AEI seeking to quiet title to the property and to have the contract declared unenforceable on grounds of fraud in the inducement and ultra vires. The trial court granted summary judgment to ECDA on the ground the contract was ultra vires. AEI appealed to the Supreme Court of Georgia which affirmed that judgment without opinion.

Appellant/cross-appellee law firm now appeals from the order of

the superior court entered October 24, 1994, which granted partial summary judgment to appellee/cross-appellant AEI and denied appellant law firm's cross-motion for partial summary judgment, from the order entered December 3, 1993, which denied appellant law firm's motion for partial summary judgment, and from the order entered April 14, 1994, which denied appellant law firm's motion to strike the affidavit of William W. Gardner and dismiss the complaint (Case No. A95A0514). Cross-appellant AEI cross-appeals from the order of the superior court entered October 24, 1994, denying its motion for partial summary judgment as to liability for legal malpractice and as to the defense of fraud in the inducement and its entirety, and appeals from the order entered on December 3, 1993, denying cross-appellant's alternative claim of tolling of the statute of limitation (Case No. A95A0515). *Held*:

### *Case No. A95A0514*

1. The trial court did not err in denying appellant's motion for summary judgment based on the statute of limitation. " '[A] cause of action for legal malpractice, alleging *negligence or unskillfulness*, sounds in *contract* (agency) and, in the case of an oral agreement, is subject to the four-year statute of limitation in OCGA § 9-3-25. (Cits.)' [Cits.] ' "In Georgia legal malpractice is based upon the breach of a duty imposed by the attorney-client contract of employment, and as such, the applicable statute of limitation is four years." ' " *Royal v. Harrington*, 194 Ga. App. 457, 458 (390 SE2d 668). This legal malpractice case is governed by the four-year statute of limitation.

Appellant contends that the running of the four-year statute of limitation (OCGA § 9-3-25) should commence on April 17, 1989, when the drafting of the contract is asserted to have been completed. A cause of action for legal malpractice may, depending on the circumstances, be either an action ex delicto or an action ex contractu. See generally *Hamilton v. Powell, Goldstein &c.*, 167 Ga. App. 411 (1) (306 SE2d 340), aff'd 252 Ga. 149 (311 SE2d 818). When legal malpractice is grounded in an ex contractu cause of action, the four-year statute of limitation "commences to run 'from the date of the breach of duty [imposed by the attorney-client contract], and not from the time when the extent of the resulting injury is ascertained.' " *Frates v. Sutherland, Asbill & Brennan*, 164 Ga. App. 243, 244 (1) (296 SE2d 788). Certain cases indicate that when the action is grounded ex delicto, then damages as well as breach of duty must occur to give rise to a cause of action (arguably commencing the running of only the two-year statute of limitation of OCGA § 9-3-33; *Hamilton*, supra at

414). See, e.g., *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 805 (1) (273 SE2d 16); *Ekern v. Westmoreland*, 181 Ga. App. 741, 742 (353 SE2d 571) ("Georgia recognizes the accrual of a right of action for a *tort* where there is a violation of a specific duty accompanied with damage." (Emphasis supplied.)) However, in *Jankowski*, supra at 806 (1), the Supreme Court concluded the holdings in *Gould v. Palmer & Read*, 96 Ga. 798 (22 SE 583), *Lilly v. Boyd*, 72 Ga. 83, and *Crawford v. Gaulden*, 33 Ga. 173, that "a right of action [for legal malpractice] arises immediately upon the wrongful act having been committed, even though there are no special damages[,]" were not in conflict with the basic rule as to when a cause of action in tort accrues. "*Jankowski* recognizes the validity of these older cases and holds . . . that since nominal damages arise upon the commission of the wrongful act, such nominal damages are sufficient as a triggering device for the statute of limitation and thus the cause of action then arises." *Hamilton*, supra at 414-415 (1). As a breach of contract would occur upon the commission of the wrongful act violating the contractual duty, a cause of action ex contractu, like a cause of action ex delicto, arises and the statute of limitation for legal malpractice is triggered immediately upon the commission of the wrongful act. See *Hamilton*, supra. Compare *Loftin v. Brown*, 179 Ga. App. 337 (1) (346 SE2d 114) with *Royal v. Harrington*, supra.

The remaining issue is at what point is the wrongful act committed when legal malpractice is alleged to arise from the negligent preparation (drafting) of a contractual document. This court, at times, has referred to relatively imprecise criteria in deciding this matter. See, e.g., *McClain v. Johnson*, 160 Ga. App. 548, 549 (288 SE2d 9) (the alleged unskillful act "was the drafting of the agreement which was signed . . . in 1962 and made a final judgment . . . in 1964"); *Riddle v. Driebe*, 153 Ga. App. 276 (265 SE2d 92) (merely noting that the last of the documents was prepared over five years before filing of complaint); *Loftin*, supra (merely noting the documents were prepared six years before suit was filed). "It is well established that questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been decided so as to constitute precedent." *Chives v. State*, 214 Ga. App. 786, 788 (449 SE2d 152).

We find controlling those cases concluding that the date of contract execution is the controlling date in giving rise to a cause of action for malpractice and in commencing the running of the statute of limitation. Compare *Arnall, Golden & Gregory v. Health Svc. Centers*, 197 Ga. App. 791 (399 SE2d 565); *Ekern v. Westmoreland*, supra; cf. *Frates*, supra at 245 (statute of limitation began to run when the services rendered "consummated in the agreement and attendant documents").

At AEI's request, the law firm's attorney transmitted the contract to counsel for the ECDA on Tuesday, April 18, 1989, with an acknowledgment of his understanding that the documents would be signed the following Friday. It is disputed whether the contract actually was executed on Friday, April 21 or Monday, April 24 of 1989. AEI did not file its complaint until Monday, April 26, 1993. For purposes of time computation in statute of limitation cases arising under OCGA § 9-3-25, the provisions of OCGA § 1-3-1 (d) (3) apply; the first day shall not be counted but the last day shall be counted. See *Davis v. Desa Intl.*, 209 Ga. App. 318 (433 SE2d 410); *Hollingsworth v. Hubbard*, 184 Ga. App. 121 (361 SE2d 12); compare *Weems v. Munson Transp.*, 210 Ga. App. 766 (437 SE2d 640). If the contract were executed on April 21, 1989, the applicable statute of limitation would have expired on Thursday, April 22, 1993, before suit was filed; however, if execution occurred on April 24, 1989, the four-year period would have fallen on Sunday, April 25, 1993 and, pursuant to OCGA § 1-3-1 (d) (3), appellee/plaintiff would have had through Monday, April 26, 1993 to file suit. In the latter instance the statute of limitation would not have expired. Contrary to the conclusion of the trial court, we find no genuine issue of material fact exists as to the date of contract execution. The contract, at issue, on its face reflects, without ambiguity, that it was executed on April 24, 1989. The affidavit and deposition testimony of Mr. Santora confirms that the contract was not executed by him until April 24, 1989. Appellant's claim that the contract at issue was executed on April 21, 1994 is at best the product of circumstances giving rise to mere speculation or conjecture. " '(A)n inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility.' " *Derry v. Clements*, 197 Ga. App. 173, 174 (397 SE2d 594).

2. The applicable standard of care in the legal profession is reported in *Kellos v. Sawilowsky*, 254 Ga. 4 (325 SE2d 757). In *Hughes v. Malone*, 146 Ga. App. 341, 344-345 (247 SE2d 107), it was clarified that: "Although an attorney is not an insurer of the results sought to be obtained by such representation, when, after undertaking to accomplish a specific result, he then wilfully or negligently fails to apply commonly known and accepted legal principles and procedures through ignorance of basic, well-established and unambiguous principles of law or through a failure to act reasonably to protect his client's interests, then he has breached his duty toward his client. As the legal profession is at best an inexact science, a breach of duty arises only when the relevant, i.e., legal principles or procedures *are well settled and their application clearly demanded, and the failure to apply them apparent.*" (Emphasis supplied.) "[U]nless the law is so well settled, clear, and widely recognized, an attorney acting in good faith and to the best of his knowledge will be insulated from liability for

adverse results." *Berman v. Rubin*, 138 Ga. App. 849, 853 (227 SE2d 802). The state of the law as to the requirement for affirmatively including a statement of purpose within the body of a contract for sale of land by a development authority was not, at the time the contract document was prepared, well settled, clear, and widely recognized within the meaning of *Hughes*, supra, and *Berman*, supra. Accordingly, the law firm was insulated from any liability arising from a claim of legal malpractice by negligent drafting of the contract of sale. Likewise, any claim of malpractice by reason of negligence in legal research and investigation fails. Pursuant to *Hughes*, supra, and *Berman*, supra, regardless of the type of research or investigation conducted, the law firm was insulated from liability for not discovering the relatively obscure legal principle here at issue.

3. In view of our holding in Division 2 above, we elect not to address the law firm's remaining enumerations.

### Case No. A95A0515

4. In view of Division 2, we find cross-appellant's enumerations of error are moot.

Jones, Day, Reavis & Pogue is entitled to the grant of summary judgment on the merits of the malpractice claim.

*Judgment reversed and remanded with direction. Johnson and Smith, JJ., concur.*

DECIDED MARCH 13, 1995 —
RECONSIDERATION DENIED MARCH 29, 1995 —

*Smith, Gambrell & Russell, Rex M. Lamb III, Thomas B. Barton,* for appellant.

*Beltran & Associates, Frank J. Beltran, Ralph Perales, W. Dent Acree, Williams & Henry, Phillip C. Henry,* for appellee.