A97A1869. LITTLETON et al. v. STONE.
(497 SE2d 684)

SMITH, Judge.

In this legal malpractice case, Billy J. Littleton and Linda Faye Littleton appeal from the trial court's grant of summary judgment to William S. Stone, the attorney who represented them in a medical malpractice action. In the medical malpractice suit ("the underlying action"), the Littletons sought recovery for the allegedly negligent delivery of their infant daughter, who died shortly after she was born.[1] This legal malpractice action arose out of the dismissal by Stone of the Littletons' medical malpractice action in superior court and its subsequent refiling in state court. The principal issue presented in this appeal is whether Stone was guilty of malpractice in dismissing and refiling that action pursuant to OCGA §§ 9-11-41 (a) and 9-2-61 (a), when both the dismissal and the renewal took place after the expiration of the applicable statute of ultimate repose but before the issuance of this Court's opinion in *Siler v. Block,* 204 Ga. App. 672 (420 SE2d 306) (1992). We conclude that he was not, and we affirm the trial court's grant of summary judgment in his favor.

1. The Littletons contend the trial court erred in determining that Stone's voluntary dismissal and renewal of the underlying action did not constitute legal malpractice. The Littletons' medical malpractice cause of action arose on the date their child was delivered, April 6, 1986. The original medical malpractice action was timely filed on March 31, 1988, the applicable statute of limitation being two years. OCGA § 9-3-71 (a). It was dismissed without prejudice by Stone in superior court on April 16, 1992, and refiled in state court on May 20, 1992. The renewal statute, OCGA § 9-2-61 (a),

---

[1] A summary of the protracted litigation in the medical malpractice case may be found in *Ob-Gyn Assoc. v. Littleton,* 261 Ga. 664 (410 SE2d 121) (1991). See also *Ob-Gyn Assoc. v. Littleton,* 259 Ga. 663 (386 SE2d 146) (1989); *Littleton v. Ob-Gyn Assoc.,* 199 Ga. App. 44 (403 SE2d 837) (1991); *Littleton v. Ob-Gyn Assoc.,* 194 Ga. App. 787 (391 SE2d 806) (1990); *Littleton v. Ob-Gyn Assoc.,* 192 Ga. App. 634 (385 SE2d 743) (1989).

expressly contemplates that its use will avoid the procedural bar of applicable statutes of limitation; it does not mention statutes of ultimate repose. *Siler*, supra, represents the first Georgia appellate decision holding that "the renewal provisions of OCGA § 9-2-61 (a) may not be used to avoid the bar of the statute of repose." Id. at 674 (1). *Siler* was decided by this Court on May 20, 1992, over a month after Stone had dismissed the underlying action in superior court and the very same day it was refiled in state court.

Subsequently, on March 15, 1993, the Supreme Court of Georgia addressed this issue for the first time in *Wright v. Robinson*, 262 Ga. 844 (426 SE2d 870) (1993). The Court in *Wright* held that "[a] statute of repose stands as an unyielding barrier to a plaintiff's right of action," destroying "existing rights so that, on the expiration of the statutory period, the cause of action no longer exists. [Cit.]" Id. at 845 (1). Because a renewal action is a new action, rather than a continuation of the original case, and a new action cannot be based upon a "nonexisting cause of action," a renewal action cannot be brought after dismissing a prior action after the expiration of the statute of repose. Id. at 846 (1). The law is now clear in this regard.

At the time the underlying suit was dismissed and refiled in this case, however, the law was not so clear. *Siler*, supra, was this Court's first pronouncement on this issue. We cannot agree with the Littletons that the holding in *Siler* was "foreshadowed" by the holding in *Hill v. Fordham*, 186 Ga. App. 354 (367 SE2d 128) (1988). Although this Court relied on *Hill* in its decision in *Siler*, *Hill* was relied on as authority only for the distinction between statutes of limitation and statutes of repose. *Siler*, supra at 673. *Wright*, moreover, was decided by a divided Supreme Court, with Justice Benham dissenting from "the majority's conclusion that the statute of repose abrogates [a] timely-filed renewal action." Id. at 846 (Benham, Justice, dissenting).[2] As pointed out in Justice Benham's dissent, a statute of repose is not "in all cases, the absolute unyielding barrier the majority has erected." Id. at 847. It is subject to some exceptions. Id.

This is important, because attorneys are not insurers of the results of their efforts on behalf of clients. They will not be held to have breached applicable standards of care except in cases of wilful or negligent failure to apply well-known and accepted legal principles and procedures, either because they are ignorant of them, or because they have failed to act reasonably to protect clients' interests. *Jones, Day, Reavis & Pogue v. American Envirecycle*, 217 Ga. App. 80, 83 (2) (456 SE2d 264) (1995). "Unless the law is so well

---

[2] We note as well that Justice Sears was disqualified from participating in the decision in *Wright*, that appeal being a reversal of her denial, as a judge of the superior court, of the medical malpractice defendants' motion for summary judgment on the same ground.

settled, clear, and widely recognized, an attorney acting in good faith and to the best of his knowledge will be insulated from liability for adverse results." (Citation and punctuation omitted.) Id. at 83-84 (2). See also *Berman v. Rubin*, 138 Ga. App. 849, 853 (227 SE2d 802) (1976) (evidence of "professional custom" necessary to show acceptability of particular conduct).

In this case, Stone presented his own affidavit in support of his motion for summary judgment. He stated in it that based upon his experience and knowledge as a practicing attorney, "[i]t was the general practice at that time to rely upon the renewal statute regardless of whether a statute of limitation or a statute of repose had expired as of the time of the dismissal of a case, provided that the original case was filed in a timely fashion." Although the Littletons produced the affidavit of their own expert in opposition to the motion and that expert opined that Stone was negligent, the Littletons' expert did not contradict Stone's opinion in this particular. Stone's assertion regarding the prevailing practice at the time of the dismissal and refiling of the Littletons' action therefore stands uncontradicted.

We now know that the renewal statute may not be used to avoid the expiration of the statute of repose, but for purposes of this action, it stands uncontradicted that at the time Stone dismissed the Littletons' medical malpractice action and refiled it, this principle was not "well settled, clear, and widely recognized." *Jones, Day, Reavis & Pogue*, supra. Rather, it was the general view that the renewal statute could be used to avoid both statutes of limitation and statutes of repose. It follows that it could not have been a breach of the accepted standard for Stone to use the renewal statute in an attempt to avoid the bar created by the expiration of the statute of repose. The trial court therefore did not err in determining that Stone's voluntary dismissal and refiling of the underlying action did not constitute malpractice.

2. The Littletons contend the trial court erred in finding that Stone's failure to research the law, his failure to advise them of known risks inherent in dismissing the underlying action, and his failure to advise them of the voluntary dismissal did not constitute legal malpractice.

We note that contrary to the implication inherent in these enumerations, the trial court did not "find" that Stone failed to research the law, to advise the Littletons of known risks in dismissing the underlying action, or to advise them of the dismissal. These alleged failures were simply contentions of the Littletons below. When the trial judge reached a decision on Stone's motion for summary judgment, he notified the parties' counsel of his decision by letter, requesting Stone's counsel to draw a proposed order, and list-

ing these contentions and his decision that they were not meritorious.

After receiving the letter, Stone's counsel expressed concern that the trial court's letter not be misconstrued as findings of fact. By letter to the trial court, he requested that the court either enter a simple order granting Stone's motion for summary judgment or clarify that these "findings" were simply answers to contentions of the Littletons. Counsel for the Littletons objected to the proposed simple order and drafted a proposed unsigned order incorporating the "findings." This proposed order was also mailed to the clerk of court for filing. Upon consideration of the views of both counsel, the court chose to enter the simple order granting Stone's motion for summary judgment and omitting any "findings." It is clear, therefore, that the trial court made no findings that Stone failed to research the law, failed to advise the Littletons of known risks in dismissing the underlying action, or failed to advise them of the dismissal.

Moreover, the evidence does not support such findings.

(a) With regard to failing to research the law, it is true, as asserted by the Littletons, that Stone admitted he did not actually read (or re-read) OCGA § 9-3-71 (b), the applicable statute of repose, before dismissing the underlying action. But Stone also testified on his deposition that he certainly "considered" the statute, that he was aware of it and familiar with it, and that he knew that no published opinions had held that the renewal statute could not avoid the bar created by its expiration. He testified that he looked at the renewal statute even though he was familiar with it "[b]ecause before we would ever file a dismissal . . . and attempt to renew it, we would want to be sure that there had been no changes to the renewal statute that might affect that decision." He found no changes.

(b) With regard to failing to advise the Littletons of the known risks, Stone testified on his deposition that he did not do so "because I didn't know there were any." Nor did other members of the Bar, as discussed in Division 1, supra. No decisions had yet been published creating the risks.

(c) Finally, the record does show a conflict in the evidence regarding whether Stone advised the Littletons about the dismissal and refiling prior to doing so. Stone testified on his deposition that Mrs. Littleton herself initiated the discussion about dismissing the underlying action in order to have that case heard by a different judge after the judge originally assigned had ruled against the Littletons twice before and had been twice reversed on appeal. Although Mrs. Littleton at her deposition agreed with Stone about this discussion, she later recalled that the discussion had taken place after the dismissal of the underlying suit.

We conclude, however, that this apparent issue of fact is not

material. The evidence shows without dispute that Stone timely notified the Littletons of his actions in dismissing and refiling the underlying actions. If Stone's failure to advise the Littletons of his proposed dismissal and refiling of the underlying action is to support a recovery by the Littletons for legal malpractice, the Littletons must also show that they were harmed by Stone's failure to consult them before the dismissal. They cannot do so, because Mrs. Littleton testified on her deposition without qualification that had Stone consulted her before dismissing and refiling the underlying action, she would have followed his recommendation.

We appreciate and sympathize with the Littletons' frustration at being left without an apparent remedy for the tragedy they have suffered in the death of their child. But "we can not change the law on account of sympathy." (Citation and punctuation omitted.) *Booth v. Firemen's Ins. Co.*, 223 Ga. App. 243, 246 (1) (477 SE2d 376) (1996). The Littletons have failed to demonstrate legal malpractice on the part of Stone. The trial court therefore did not err in granting summary judgment in Stone's favor.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 12, 1998

*Beltran & Associates, Frank J. Beltran, Charlotte K. Perrell*, for appellants.

*Shapiro, Fussell, Wedge, Smotherman & Martin, Robert B. Wedge, Mary L. Hahn, Thomas H. Baxley*, for appellee.