A99A1272. DAUGHERTY et al. v. JARRETT.
(521 SE2d 406)

ELDRIDGE, Judge.

On October 19, 1994, Jasper County authorities seized property of Wyman Jarrett, plaintiff-appellee, his son Larry Jarrett, and Ralph Jarrett incident to the arrest of Larry Jarrett for violation of the Georgia Controlled Substances Act ("GCSA"), i.e., possession with intent to sell methamphetamine, possession of illegal firearms, and possession of vehicles with altered vehicle identification numbers. Larry Jarrett hired John F. Daugherty and the law firm of Greer, Klosik & Daugherty ("Greer Klosik") to represent himself and his father in the criminal charges and the civil forfeiture proceeding.

On December 8, 1994, the district attorney filed a civil forfeiture proceeding pursuant to OCGA § 16-13-49 for the property seized. On January 3, 1995, an answer was filed timely. The documentation of ownership, i.e., bill of sale, deed, closing statement, and survey, had

been seized by the sheriff, and copies were not attached to the answer, so that some of the information required by OCGA § 16-13-49 (o) (3) was omitted. On January 24, 1995, the State moved for forfeiture, alleging that the answer was deficient and that it was entitled to judgment. On February 27, 1995, an amended answer was filed containing the previously omitted information and supporting documents. On March 23, 1995, the State filed a motion to dismiss the amended answer. On March 31, 1995, responses to the State's motion were filed. On April 3, 1995, the trial court held a hearing on the motions. On April 26, 1995, the trial court granted the State's motion, struck the amended answer, and entered a default forfeiture. An appeal was filed, and on March 11, 1996, this Court affirmed the trial court in *Jarrett v. State of Ga.*, 220 Ga. App. 559 (472 SE2d 315) (1996). On March 29, 1996, a petition for certiorari was filed, which was denied.

On August 5, 1997, Wyman Jarrett sued Greer Klosik for legal malpractice in failing to file a proper answer to the civil forfeiture action under OCGA § 16-13-49 (o) (3). Greer Klosik filed its answer. On April 17, 1998, Greer Klosik filed its motion for summary judgment. Jarrett responded, stating "[i]n support of this response, the plaintiff relies on all the pleadings, briefs, and discovery on file with the Court." On June 12, 1998, the trial court denied Greer Klosik's motion for summary judgment.

On July 14, 1998, Greer Klosik's application for discretionary appeal was granted. On July 16, 1998, Greer Klosik's notice of appeal was filed.

Greer Klosik contends that the trial court erred in failing to grant their motion for summary judgment. We agree.

*Jarrett v. State of Ga.*, supra, was specifically overruled in *Rojas v. State of Ga.*, 269 Ga. 121, 123 (498 SE2d 735) (1998). The Supreme Court held: "[w]e conclude that the Court of Appeals erred in *Jarrett* in holding that an amended answer cannot relate back to a timely-filed initial answer, and we therefore overrule that portion of the *Jarrett* decision." Id.; see also *Jackson v. State of Ga.*, 231 Ga. App. 320, 321 (1) (498 SE2d 159) (1998); *Lee v. State of Ga.*, 225 Ga. App. 733, 734-735 (484 SE2d 777) (1997); *Knodal v. State of Ga.*, 222 Ga. App. 514 (474 SE2d 700) (1996); *State v. Gonzales*, 213 Ga. App. 661, 662 (445 SE2d 808) (1994). Thus, it cannot be said that the law was settled and its application clearly demanded, and the failure to apply it apparent. See *Berman v. Rubin*, 138 Ga. App. 849, 853 (227 SE2d 802) (1976). Where the Court of Appeals was equally divided in *Rojas v. State of Ga.*, supra at 121, as pointed out by the Supreme Court, as to whether the relation back of an amendment should apply, this, as a matter of law, clearly manifested the uncertain state of the law that Greer Klosik faced. "[U]nless the law is so well settled, clear,

and widely recognized, an attorney acting in good faith and to the best of his knowledge will be insulated from liability for adverse results. [Cits.]" *Berman v. Rubin*, supra at 853. See also *Jones, Day, Reavis &c. v. American Envirecycle*, 217 Ga. App. 80, 83-84 (456 SE2d 264) (1995). Where no less than the Supreme Court holds that not only the trial court, but also this Court, erred as a matter of law in not applying the amendment retroactively to a timely answer and overrules *Jarrett v. State of Ga.*, supra, then, as a matter of law, the trial court should have granted the motion for summary judgment.

Upon examination of the amendment to the answer in *Jarrett v. State of Ga.*, supra, it did supply the information and fully complied with OCGA § 16-13-49 (o) (3), so that the trial court erred in denying summary judgment. See *Rojas v. State of Ga.*, supra at 123; *Jackson v. State of Ga.*, supra at 321.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED JULY 29, 1999.

*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Gregory H. Wheeler*, for appellants.

*Zell & Zell, Glenn Zell*, for appellee.