A00A1684. HARRISON v. DEMING, PARKER, HOFFMAN, GREEN & CAMPBELL, P.C. et al.
(541 SE2d 407)

SMITH, Presiding Judge.

This appeal requires us to determine whether the meaning of OCGA § 34-9-100 (c) was so "well settled, clear, and widely recognized" within the meaning of *Jones, Day, Reavis & Pogue v. American Envirecycle*, 217 Ga. App. 80, 83 (2) (456 SE2d 264) (1995) and *Littleton v. Stone*, 231 Ga. App. 150, 151-152 (1) (497 SE2d 684) (1998), that a failure to comply with the statute will support an action for

---

legal malpractice. We find that the trial court correctly concluded it was not, and we affirm the judgment below.

Brenda Harrison brought this legal malpractice action against the law firm Deming, Parker, Hoffman, Green & Campbell, P.C. ("Deming, Parker") and two of its attorneys, based upon their representation of her in a workers' compensation case.[1] Harrison alleged that as a result of Deming, Parker's professional negligence in failing to pursue her workers' compensation case in a timely manner, she has lost her right to a hearing and consequently has essentially lost her claim.

Deming, Parker answered and moved for summary judgment on the ground that the legal issues leading to the dismissal of Harrison's workers' compensation case involved the interpretation of a statute that was not clear or well settled and therefore could not be the basis for allegations of professional negligence. The trial court agreed and granted the motion. Harrison appeals, contending that the statute was clear and unambiguous and that Deming, Parker should not be insulated from liability.

OCGA § 34-9-100 (c) provides: "On or after July 1, 1985, any application for hearing filed with the board pursuant to this Code section for which no hearing is conducted for a period of five years shall automatically stand dismissed." The record shows that Harrison filed an initial claim/request for hearing pro se, and it was received by the State Board of Workers' Compensation on February 7, 1991. The employer controverted the claim. Harrison retained an attorney, and he withdrew the request for hearing on March 8, 1991, apparently to allow him to prepare "a complete presentation of the evidence." The case was removed from the active trial calendar on March 14, 1991. After counsel later requested that another hearing be scheduled, the case was again removed from the trial calendar in October 1991, apparently because of counsel's withdrawal.

In December 1992, Harrison retained Deming, Parker to represent her. On February 10, 1993, the firm filed a new form requesting a hearing, following which a hearing was scheduled and postponed seven times by agreement of counsel. On March 29, 1997, the firm

---

[1] Harrison has made at least two previous appearances in this court in cases relating to the underlying subject matter, her claim that she suffered illnesses caused by her employer's move to a new building that she claimed was a "sick building." In *Harrison v. Digital Equip. Co.*, 219 Ga. App. 464 (465 SE2d 494) (1995), this court affirmed the grant of summary judgment to the employer, architect, and contractor in Harrison's action against them for damages. In *Harrison v. Beckham*, 238 Ga. App. 199 (518 SE2d 435) (1999), a legal malpractice action, we affirmed summary judgment in favor of her attorney in the suit against the employer, architect, and contractor. In both actions, summary judgment was granted on the ground that the statute of limitation had expired. Harrison brought this legal malpractice action against the attorney who represented her in her workers' compensation action arising from the same illnesses.

withdrew from representing Harrison. Her file was returned to her on April 4, 1997.

On April 23, 1997, the employer filed a motion to dismiss the claim. Before Harrison could respond, on April 28, 1997, the claim was dismissed by the administrative law judge on the ground that more than five years had elapsed without a hearing being conducted since the original request for hearing was filed on February 7, 1991. Harrison objected, and the ALJ vacated the April 28, 1997 award, read and considered the motion and the response, and reentered an award dismissing the claim on May 14, 1997. This award was upheld by the appellate division of the board, and Harrison appealed to the Superior Court of Fulton County. The Fulton County Superior Court entered an order reversing the board insofar as the board dismissed Harrison's underlying *claim*, but affirming the dismissal of the request for hearing.

The superior court found that this court had distinguished between a "claim" and a "hearing" in the workers' compensation context in *Ogden v. Clark Thread Co.*, 93 Ga. App. 227, 228 (91 SE2d 191) (1956), holding that when a claim is filed within the statutory period and not withdrawn, the board may entertain it anytime thereafter. The superior court found that the terms "claim" and "hearing" were not used interchangeably in the Act, being separated into two sections in Article Three; that the language and purpose of OCGA § 34-9-100 (c) were "plain and unambiguous"; and that on its face, from its caption, the statute's scope was limited to "applications for hearing — not the underlying claim."

The Fulton County Superior Court also found, however, that the five-year period provided for in the statute did not run from the *latest* request for hearing, as contended by Harrison, but from the earliest request. The court found that the intent of the General Assembly was to promote "finality for litigants, bench and bar," which is "an important goal of our legal system." The court reasoned that construing the statute in the manner urged by Harrison would contravene the "express intent" of the General Assembly and "frustrate" the important goal of promoting finality, by allowing claimants to restart the five-year period at will simply by withdrawing one request for hearing and filing another. Following the affirmance of the board's decision by the Superior Court of Fulton County, Harrison retained new counsel, who filed another request for hearing, which was denied by the ALJ on January 7, 1999. Harrison then filed this legal malpractice action against Deming, Parker in Gwinnett County Superior Court on February 17, 1999.

Harrison contends the Gwinnett County Superior Court erred when it found that OCGA § 34-9-100 (c) was "unclear and not well settled, within the meaning of" *Jones, Day &c.*, supra, and *Littleton*,

supra, and that Deming, Parker was therefore "insulated from liability for the claims asserted" against them.[2] She argues that the ruling of the Gwinnett County court appears on its face to conflict with the Fulton County court's finding that the statute's language, as well as its purpose, "[is] plain and unambiguous." But the Fulton County Superior Court's finding that the statute's language was "plain and unambiguous" referred to the clear distinction made in the statute between a "claim" and an "application for hearing," a distinction recognized in *Ogden*, supra, almost 30 years before the General Assembly amended the Workers' Compensation Act in 1985 "to provide for automatic dismissal of certain applications for hearings." Ga. L. 1985, p. 727.

In contrast, the Gwinnett County court's ruling addressed the issue raised by Deming, Parker in its motion for summary judgment: the interpretation of the term "any application" in the statute. Deming, Parker argued that a new five-year period specified by the statute began running when each new application for hearing was filed. The Fulton County Superior Court found that the interpretation urged by Deming, Parker would frustrate the purpose of the statute; it found instead that the five-year statutory period began when the first request for hearing was filed and that the filing of subsequent requests for hearing was essentially irrelevant. It did not state, however, that this interpretation of the term "any application" was clear and well settled. The conflict between the two rulings is therefore merely apparent rather than actual.

We are not called upon in this case to interpret the statute, and we do not do so. The relevant issue is not whether Deming, Parker's interpretation of the statute is correct. It is evident, however, that the statute itself was capable of more than one interpretation. While it clearly and unambiguously differentiates between a "claim" and an "application for hearing," it was then unclear how the statute should be applied when more than one application for hearing has been made within the context of a single claim.

"Unless the law is so well settled, clear, and widely recognized, an attorney acting in good faith and to the best of his knowledge will be insulated from liability for adverse results." (Citations and punctuation omitted.) *Daugherty v. Jarrett*, 239 Ga. App. 466, 467-468 (521 SE2d 406) (1999). "As the legal profession is at best an inexact science, a breach of duty arises only when the relevant, i.e., legal principles or procedures are well settled and their application clearly demanded, and the failure to apply them apparent." (Punctuation

---

[2] The ALJ's award recites that Harrison's application for discretionary appeal of the superior court's ruling was denied, as was her motion for reconsideration, and that the Supreme Court denied her petition for certiorari.

and emphasis omitted.) *Jones, Day &c.,* supra at 83 (2). Given the possibility of more than one interpretation of the statute and the lack of case authority construing it, we cannot say in this case that the meaning of the statute was "clear" or "well settled." No appellate court had affirmed or approved the interpretation of the Fulton County Superior Court. And no evidence exists in this record that Deming, Parker was ignorant of an accepted legal principle and should have known that the "correct" interpretation of OCGA § 34-9-100 (c) meant that Harrison's right to a hearing would expire five years after the first, pro se request for hearing was filed.

As in *Littleton,* we are in sympathy with Harrison's plight. Id. at 154. But "attorneys are not insurers of the results of their efforts on behalf of clients." Id. at 151 (1). Harrison has failed to demonstrate legal malpractice on the part of Deming, Parker. The trial court therefore correctly granted summary judgment in its favor. Id. at 154.

*Judgment affirmed. Miller and Phipps, JJ., concur. Johnson, C. J., disqualified.*

Decided October 23, 2000 — 

*Taylor W. Jones, Jenny E. Jensen,* for appellant.
*Hawkins & Parnell, T. Ryan Mock, Jr.,* for appellees.

