A07A0485. OEHLERICH v. LLEWELLYN et al.
(647 SE2d 399)

ANDREWS, Presiding Judge.

Christopher Oehlerich appeals from the trial court's grant of David Llewellyn's and Salvatore Serio's motion for summary judgment on Oehlerich's claims of legal malpractice. Because the trial court correctly held that Oehlerich failed to show that any alleged malpractice proximately caused his damages, we affirm.

This case arose after Oehlerich was injured on the job at a construction site. Oehlerich was installing HVAC equipment at a house under construction when he fell through an unguarded opening in the foyer. Oehlerich hired Serio to pursue a workers' compensation claim and also hired Llewellyn to represent him in a potential personal injury claim, signing a contract of employment with both lawyers on November 8, 1999. In April 2000, Oehlerich met with Llewellyn and Serio and was told that Llewellyn had determined that the personal injury claim was not viable. Llewellyn told Oehlerich that because the foyer opening was an open and obvious danger, Oehlerich had equal knowledge of the hazard. Also, because there would be evidence that Oehlerich fell while reaching for a hammer, he would be deemed to have assumed the risk of injury.

On August 22, 2001, Oehlerich terminated Serio from the workers' compensation claim representation, and on August 31, 2001, Oehlerich hired new counsel to pursue the personal injury claim. Before the running of the statute of limitation, new counsel filed a claim for personal injury against Angel Patron, the subcontractor responsible for building framing for the work site.[1] The case was subsequently dismissed without prejudice on June 28, 2004, because Oehlerich was unable to serve Patron.

Oehlerich then filed the instant case against Llewellyn and Serio, claiming legal malpractice, breach of fiduciary duty, breach of contract, and breach of the implied duty of good faith and fair dealing. Oehlerich contended that Llewellyn and Serio did not investigate his claim fully and that the failure to install guardrails around the opening was an OSHA violation and was the cause of his injuries. Oehlerich claimed that because Llewellyn and Serio failed to investigate and failed to properly advise him, he was unable to pursue his claim against Patron before Patron left the jurisdiction.

Llewellyn and Serio filed a motion for summary judgment, arguing among others, that because Oehlerich was able to file suit before the running of the statute of limitation, he could not show that any alleged negligence was the proximate cause of his damages. The trial court agreed, holding that there was nothing in the record to show when Patron left the jurisdiction. Therefore, it was a matter of speculation as to whether any delay in filing suit affected the opportunity to serve Patron. This appeal followed.

A defendant is entitled to summary judgment if he can show that the evidence is not sufficient to create a jury issue on at least one essential element of plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); OCGA § 9-11-56. "In a legal malpractice action, the client has the burden of establishing three elements: (1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill and diligence, and (3) that such negligence was the proximate cause of damage to the plaintiff." *Szurovy v. Olderman*, 243 Ga. App. 449, 451 (530 SE2d 783) (2000). In particular, this Court has held that in a suit for legal malpractice, proof that the attorney's negligence proximately caused the client's harm is necessary for recovery. *Whitehead v. Cuffie*, 185 Ga. App. 351, 352 (364 SE2d 87) (1987); see also OCGA § 51-1-8. *Dow Chem. Co. v. Ogletree, Deakins, Nash, Smoak & Stewart*, 237 Ga. App. 27 (514 SE2d 836) (1999). "A claim for legal malpractice is sui generis insofar as the plaintiff's proof of damages effectively requires proof that he

---

[1] Although there is evidence to the contrary, Oehlerich contends that Patron was the person responsible for installing guardrails at the work site.

would have prevailed in the original litigation." (Citation and punctuation omitted.) *Nix v. Crews*, 200 Ga. App. 58, 59 (406 SE2d 566) (1991).

1. Here, Oehlerich cannot show that he would have been able to serve Patron had the suit been filed earlier, because there is no evidence when Patron left the jurisdiction. The only evidence of Patron's presence is that supplied by the process server hired to find Patron on August 31, 2001. Ward, the process server, stated that the only information on Patron was that he was a patient at DeKalb Medical Center in November 2000. Patron appeared to have no credit history, no source of identity, and did not live at either of the addresses given to the process server.

Oehlerich relies on language in Ward's affidavit which states that, in his experience, when attempting to serve a party years after the incident, addresses become stale, friends and relatives cannot be located, and public information is no longer current. And, "[i]n this case, had I received resident addresses, a social security number, and other information within months of the date of the incident, it is more likely than not that Mr. Patron would have been located and served with Summons."

But, there is nothing in the affidavit showing that Ward had any personal knowledge of when or even if, Patron had left the area. "Affidavits supporting and opposing summary judgment must be made on personal knowledge and must set forth such facts as would be admissible in the evidence." (Punctuation omitted.) *Garner v. Rite Aid of Ga.*, 265 Ga. App. 737, 741 (595 SE2d 582) (2004). The above paragraph, based on mere speculation and conjecture, cannot serve as the basis for establishing proximate cause. See, e.g., *Hassell v. First Nat. Bank of Newton County*, 218 Ga. App. 231, 233 (461 SE2d 245) (1995) (allegations in affidavit that are based on nothing more than opinion and speculation cannot be considered).

Therefore, the trial court correctly concluded that plaintiff could not establish an essential element of his legal malpractice claim. Accordingly, the trial court's grant of summary judgment to Llewellyn and Serio was not error. See *Houston v. Surrett*, 222 Ga. App. 207, 209 (474 SE2d 39) (1996) (plaintiff must show that, but for the error of counsel, the outcome *would have* been different; any lesser requirement would invite speculation and conjecture).

2. Oehlerich also argues that the trial court erred in holding that the breach of contract and breach of fiduciary duty claims were duplications of the malpractice claim. In its order, the trial court stated that the breach of contract and breach of fiduciary duty claims are based on the allegations that defendants failed to investigate fully the claims and failed to advise plaintiff properly. As such, "these

allegations clearly call into question the degree of professional skill exercised," and therefore are duplications of the legal malpractice claim.

We agree. Oehlerich's claim for legal malpractice is based on the establishment of a fiduciary attorney-client relationship that he claims was breached. His claims for breach of fiduciary duty, breach of contract, and breach of the implied duty of good faith and fair dealing are simply duplications of this legal malpractice claim. See *McMann v. Mockler*, 233 Ga. App. 279, 281 (503 SE2d 894) (1998). Accord *Griffin v. Fowler*, 260 Ga. App. 443, 446 (579 SE2d 848) (2003). Compare *Tante v. Herring*, 264 Ga. 694 (453 SE2d 686) (1994) (husband and wife had breach of fiduciary duty claim against lawyer who was hired to pursue a social security disability claim for wife and then used confidential information given to him about the wife's emotional and mental condition to induce her to have an affair with him); *Both v. Frantz*, 278 Ga. App. 556, 559 (629 SE2d 427) (2006) (fiduciary duty claim not merely duplicative of legal malpractice in the event the jury finds no evidence of attorney-client relationship).

Likewise, Oehlerich cites to *Smith v. Morris, Manning & Martin*, 264 Ga. App. 24 (589 SE2d 840) (2003), as authority for his claim that the breach of contract claim can stand on its own and is not duplicative of the malpractice claim. In *Smith*, the claim for breach of contract survived a motion to dismiss because it alleged intentional wrongdoing, not professional negligence. Id. at 27. There is no such allegation in this case.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED JUNE 7, 2007 — 

*Segal, Fryer, Shuster & Lester, Keith E. Fryer, Frank J. Beltran, Douglas V. Chandler*, for appellant.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., James C. Fox II, Drew, Eckl & Farnham, Paul W. Burke*, for appellees.