## A07A1431. DUKE GALISH, LLC v. ARNALL GOLDEN GREGORY, LLP et al.

### (653 SE2d 791)

ELLINGTON, Judge.

Duke Galish, LLC, appeals from an order of the Superior Court of Fulton County, which granted summary judgment in favor of attorney James Gober and his law firm, Arnall Golden Gregory, LLP, in this legal malpractice action. For the following reasons, we affirm.

Viewed in the light most favorable to the nonmovant,[1] the relevant facts are as follows. James Gober and Arnall Golden Gregory, LLP ("AGG") represented Duke Galish, LLC ("Galish"), in a property dispute with Kelley Toyota, which, by virtue of a master lease agreement, had an estate for years in property owned by Galish. Gober filed a dispossessory action against Kelley Toyota on June 7, 2001, seeking possession of the premises only. Gober deposed that filing a dispossessory action is only appropriate in a case where there is a landlord-tenant relationship. Although Kelley Toyota was a grantee in possession of an estate for years, not a tenant with a usufruct, Gober deposed that he nevertheless filed the dispossessory action under the theory that Kelley Toyota's master lease contemplated dispossessory proceedings as a remedy.

After a few months in litigation, Gober learned that the judge before whom the case was pending disagreed with his theory and intended to dismiss the action for lack of subject matter jurisdiction.[2] Upon Gober's advice, Galish voluntarily dismissed the case without prejudice on January 16, 2002. Galish fired Gober and hired new counsel who, in a counterclaim to a lawsuit for declaratory judgment initiated by Kelley Toyota, sought both possession of the premises and damages for failing to maintain the premises in good repair. Galish voluntarily settled the second suit; then it sued Gober and AGG for legal malpractice on July 5, 2005.

After a hearing on the parties' cross-motions for summary judgment, the trial court held that Galish's legal malpractice claim must fail because Galish could not, as a matter of law, prove the essential

---

[1] To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the nonmovant, warrant summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] Dispossessory proceedings have been applied solely to landlord-tenant relationships, which only exist if the lease is a usufruct. See *Browning v. Fed. Home Loan &c. Corp.*, 210 Ga. App. 115 (435 SE2d 450) (1993) (only landlord and tenant are proper parties to a dispossessory action); see OCGA § 44-7-50 et seq. By statute, an estate for years does not involve a landlord-tenant relationship. See OCGA § 44-6-101.

element of proximate causation.[3] Pretermitting whether the superior court correctly relied on this basis for granting summary judgment, the court's ruling was right for another reason, a legal issue that was fully briefed and argued below: The statutory limitation period on Galish's legal malpractice claims had expired. For the reasons that follow, we affirm the decision under the "right for any reason" rule. See *Shadix v. Carroll County*, 274 Ga. 560, 565 (3) (c) (554 SE2d 465) (2001).

As we have explained, a cause of action for legal malpractice is subject to a four-year statute of limitation. *Jones, Day, Reavis & Pogue v. American Envirecycle*, 217 Ga. App. 80 (1) (456 SE2d 264) (1995). See also *Plumlee v. Davis*, 221 Ga. App. 848, 852 (3) (473 SE2d 510) (1996) (six-year statute of limitation does not apply to contracts that are, in part, parol); *Riddle v. Driebe*, 153 Ga. App. 276 (265 SE2d 92) (1980); OCGA § 9-3-25 (statute of limitation for breach of certain contracts). The cause of action "arises immediately upon the wrongful act having been committed." *Jones, Day, Reavis & Pogue v. American Envirecycle*, 217 Ga. App. at 82 (1). Further, since "nominal damages arise upon the commission of the wrongful act, such nominal damages are sufficient as a triggering device for the statute of limitation and thus the cause of action then arises." (Citations omitted.) *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 167 Ga. App. 411, 414-415 (1) (306 SE2d 340) (1983). See also *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 806 (1) (273 SE2d 16) (1980). Finally, there is no "continuous representation rule" applicable to legal malpractice cases. See *Barnes v. Turner*, 278 Ga. 788, 791-792 (2) (606 SE2d 849) (2004) (a continuing relationship or continuing wrong does not toll the statute of limitation).

In its complaint filed July 5, 2005, Galish alleged that Gober committed legal malpractice when he failed to include a claim for damages in the dispossessory action. Galish's legal malpractice suit was filed more than four years after the June 7, 2001 filing date of the dispossessory petition. Thus, the suit is time-barred. OCGA § 9-3-25. Galish's argument that Gober could have amended the suit to add a damages claim up until the time of a pre-trial order, and that this later failure to act should be considered the triggering date for the malpractice action, is unavailing. Under these circumstances, Gober's

---

[3] In a legal malpractice action, the plaintiff must establish three elements: "(1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill and diligence, and (3) that such negligence was the proximate cause of damage to the plaintiff." *Rogers v. Norvell*, 174 Ga. App. 453, 457 (2) (330 SE2d 392) (1985). In a case where a plaintiff's pending claims remain viable despite the attorney's alleged negligence, the plaintiff severs proximate causation by settling the case, an act which makes it impossible for his lawsuit to terminate in his favor. Id. at 458 (2).

failure to amend constitutes a failure to avoid the effect of the earlier breach and a failure to mitigate damages, but it is not a failure inflicting a new harm. See *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. at 806-807 (2) (failure to reinstate dismissed action was a failure to avoid the ultimate effect of the earlier breach and a failure to mitigate damages, not an act inflicting new harm); *Green v. White*, 229 Ga. App. 776, 778 (1) (a) (494 SE2d 681) (1997) (failure to correct previous mistake by dismissing a bankruptcy petition was not a new harm triggering the statute of limitation); *Jones, Day, Reavis & Pogue v. American Envirecycle*, 217 Ga. App. at 82 (date contract is executed controls for commencing the running of the statute of limitation). Thus, Gober's failure to amend to add a claim of damages before a pre-trial order would have been entered in the dispossessory action is insufficient as a new breach for the purposes of applying the statute of limitation. Therefore, the trial court properly granted summary judgment in favor of Gober and AGG.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED OCTOBER 25, 2007 — 

*Perrell & Wright, Charlotte K. Perrell, Stephanie M. Wright*, for appellant.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Terrance C. Sullivan, Robert G. Tanner, Arnall Golden Gregory, Karen B. Bragman*, for appellees.