A09A1715. GUERRERO et al. v. McDONALD et al.
(690 SE2d 486)

DOYLE, Judge.

Jeffery M. Guerrero, A. J. Concrete Services, Inc., Olympic Concrete Pumping, Inc., and A. J. Concrete Pumping, Inc. (collectively "Guerrero") retained James L. McDonald and Reznick, Fedder & Silverman, an accounting firm (collectively "McDonald") to represent them in appeals to the Internal Revenue Service ("IRS"). Guerrero subsequently filed suit against McDonald, alleging claims of professional malpractice and, in the alternative, seeking recovery

---

of the fees paid for his services. Guerrero appeals from the grant of summary judgment to McDonald. We affirm, for reasons that follow.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."[1] "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[2]

So viewed, the record shows that in the 1990s, the IRS conducted multiple audits of the tax returns of corporations owned by Jeffrey Guerrero and subsequently issued adjustments to the tax returns.[3] Guerrero filed actions challenging the audits, and he retained McDonald to represent him and the corporations in the appeal process with the IRS.[4] Guerrero was unsatisfied with the outcome of the IRS appellate process, and he therefore retained McDonald to file suit in the United States Tax Court to contest the proposed adjustments. Following the December 1999 trial, during which the parties submitted documents, physical evidence, witness testimony, and evidentiary stipulations, the Tax Court issued an opinion ruling in favor of Guerrero on one issue and in favor of the IRS as to the remaining issues. Guerrero retained a law firm to file (with the assistance of McDonald) post-judgment motions in the Tax Court, which were denied. Guerrero then hired another law firm to file an appeal of the Tax Court decisions. On March 21, 2003, the United States Court of Appeals for the Eleventh Circuit issued a published decision affirming the Tax Court decision.[5]

Guerrero filed the instant professional negligence action against McDonald in May 2004.[6] Specifically, Guerrero alleged that despite McDonald's assurances that his claims in the Tax Court were meritorious, Guerrero failed to prevail thereon because McDonald was negligent in: (1) introducing evidence at trial without any explanation of its relevancy or meaning; (2) failing to adequately prepare witnesses; and (3) failing to present each of Guerrero's

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] Id.

[3] Because of the tax status of the corporations, the IRS issued notices to Jeffrey Guerrero and another shareholder.

[4] McDonald, a certified public accountant, has a law degree. He was not licensed to practice law in Georgia, but he was admitted to practice before the United States Tax Court. See USCS Tax Ct. R. 200 (a) (3) (permitting a nonlawyer who has met certain requirements to be admitted to practice before the United States Tax Court).

[5] See *Bone v. Commr. of Internal Revenue*, 324 F3d 1289 (11th Cir. 2003).

[6] Pursuant to OCGA § 9-11-9.1 (a), Guerrero attached to his complaint the affidavit of Robert H. Hishon, a tax attorney, who opined that McDonald's representation fell below the minimum standards of care and was negligent.

positions to the court. In the alternative, Guerrero alleged that if McDonald's advice regarding the merit of his claims was incorrect, then McDonald was negligent in advising Guerrero to pursue such claims, and Guerrero is therefore entitled to recover against McDonald all payments made to him and to the lawyers who represented Guerrero in connection with the post-trial proceedings. McDonald filed a motion for summary judgment, which the trial court granted, and this appeal followed.

1. Guerrero argues that the trial court erred in granting summary judgment to McDonald as to his claim for professional malpractice. We disagree.

In considering McDonald's motion for summary judgment, the trial court concluded that the appropriate legal standard in this case is the standard applied to legal malpractice cases, notwithstanding the fact that McDonald is not a licensed attorney. As the trial court noted, both parties cited cases applying the legal malpractice standard in their respective briefs in support of and opposition to summary judgment, and neither party challenges the application of that standard on appeal. For this reason, and given the nature of McDonald's representation of Guerrero in Tax Court, which included making arguments and introducing evidence, we will apply the legal malpractice standard to this case.[7]

Accordingly, to prevail on his claim of professional malpractice, Guerrero must show that: (1) he employed McDonald; (2) McDonald "failed to exercise ordinary care, skill[,] and diligence"; and (3) McDonald's negligence was the proximate cause of damage to Guerrero.

> To establish proximate cause, [Guerrero] must show that but for the attorney's error, the outcome would have been different; any lesser requirement would invite speculation and conjecture. [McDonald] is entitled to summary judgment if he shows that there is an absence of proof adduced by [Guerrero] on the issue of proximate cause.[8]

Here, we need not decide whether McDonald was negligent. Guerrero cannot prevail on his negligence claim because he failed to put forth evidence to create a jury issue on causation. In opposition to McDonald's summary judgment motion, Guerrero submitted his own affidavit in which he generally lists the various documents that

---

[7] This application is limited to the facts of this case.

[8] (Punctuation and footnote omitted.) *Amstead v. McFarland*, 287 Ga. App. 135, 138-139 (2) (650 SE2d 737) (2007).

he contends that McDonald should have submitted. He also generally lists topics that he believes could and should have been addressed at trial with testimony from various witnesses. Such documents and evidence are not, however, in the record. "Affidavits supporting and opposing summary judgment must be made on personal knowledge and must set forth such facts as would be admissible in the evidence."[9] Thus, Guerrero's affidavit, much of which is "based on mere speculation and conjecture, cannot serve as the basis for establishing proximate cause."[10]

Moreover, Guerrero makes no attempt to explain how introduction of such evidence, witness testimony, and argument would have resulted in an outcome favorable to Guerrero. Such a showing would necessarily require analysis or, at the very least, a recitation of the applicable tax laws, which Guerrero completely fails to provide. Accordingly, the trial court did not err in finding that Guerrero failed to demonstrate that McDonald's alleged malpractice proximately caused him to suffer damage.[11]

2. Guerrero also alleges that the trial court erred in granting summary judgment to McDonald on Guerrero's recoupment claim. This enumeration is without merit.

In its verbal ruling on the motion for summary judgment, the trial court stated that:

> With respect to the plaintiff's alternative theory that essentially there should be a refund because of bad advice, it is simply the rule in this state that professionals are not insurers; they do not guarantee outcomes. They provide their best judgment. They may render opinions. There is no evidence in either Mr. Guerrero's affidavit or otherwise, that Mr. McDonald, even if he was wrong, did anything other than exercise his best judgment.

We agree.

> There can be no liability for acts and omissions by an attorney in the conduct of litigation which are based on an honest exercise of professional judgment. This Court will not hold an attorney liable for malpractice based merely on

---

[9] (Punctuation omitted.) *Oehlerich v. Llewellyn*, 285 Ga. App. 738, 740 (1) (647 SE2d 399) (2007).

[10] Id.

[11] See *Amstead*, 287 Ga. App. at 139 (2); *Paul v. Smith, Gambrell & Russell*, 283 Ga. App. 584, 587 (1) (642 SE2d 217) (2007).

YALE LAW LIBRARY

the attorney's choice of trial tactics or strategy or the good faith exercise of professional judgment.[12]

"Otherwise[,] every losing litigant would be able to sue his attorney if he could find another attorney who was willing to second guess the decisions of the first attorney with the advantage of hindsight. If this were permitted, the original trial would become a 'play within a play' at the malpractice trial."[13] Accordingly, given the evidence in this case, we conclude that the trial court properly granted summary judgment to McDonald on Guerrero's recoupment claim.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JANUARY 29, 2010.

*James G. Killough*, for appellants.
*Theodore N. Stapleton*, for appellees.

---

[12] (Citation and punctuation omitted.) *Allen Decorating v. Oxendine*, 225 Ga. App. 84, 89 (2) (483 SE2d 298) (1997).

[13] (Punctuation omitted.) *Hudson v. Windholz*, 202 Ga. App. 882, 886 (3) (416 SE2d 120) (1992).