**FOURTH DIVISION**
**RICKMAN, C. J.,**
**DILLARD, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 24, 2023**

# In the Court of Appeals of Georgia

A23A0410. TITSHAW et al v. GEER et al.

A23A0439. COHEN POLLOCK MERLIN TURNER, P. C. et al. v. TITSHAW et al.

RICKMAN, Chief Judge.

In this legal malpractice case, David Titshaw, Taylor Investment Partners II, LLC, TIP II- Ansley, LLC, and TIP II- Suburban, LLC (collectively "Titshaw") appeals the dismissal of his legal malpractice claims against both Will B. Geer, Law office of Will B. Geer, LLC, and Cohen Pollock Merlin Turner, P. C., ("CPMT") and the grant of summary judgment to Geer on his claims for breach of contract, damages, and attorney fees.[1] CPMT cross appeals from the trial court's denial of its motion to

---

[1] Titshaw was granted three extensions to file his appellant's brief and after being granted those extensions, still filed his brief three days late. Additionally, we also note that the trial court record contains two motions by Titshaw's counsel to

dismiss the remainder of Titshaw's claims, the same claims that Geer was later granted summary judgment on. For the following reasons, in Case No. A23A0410, we reverse the denial of CPMT's motion to dismiss Titshaw's remaining claims against it and in Case No. A23A0439, we affirm the dismissal of Titshaw's legal malpractice claims and the grant of summary judgment to Geer on Titshaw's remaining claims,

Viewing the facts in the light most favorable to Titshaw,[2] he was the majority owner and managing member of Taylor Investment Partners II, LLC, and two of its affiliates TIP II- Ansley, LLC, and TIP II- Suburban. The TIP entities operated two Moe's Southwest Grill restaurants in the Atlanta area pursuant to franchise

---

nunc pro tunc various filing dates due to a pleading being rejected for failing to pay required fees and failing to include the required case number when filing. We remind Titshaw's counsel that failure to file a brief within the ordered time may result in the dismissal of the appeal, and may subject the offending party and/or counsel to sanctions, including contempt. See Court of Appeals Rule 23 (a). This Court's and the superior court's rules are not merely suggestions.

[2] See *Hobbs v. Great Expressions Dental Centers of Ga., P. C.*, 337 Ga. App. 248, 248 (786 SE2d 897) (2016) ("We review a trial court's ruling on a motion to dismiss de novo, viewing all well-pled allegations in the complaint as true."); *Rahmaan v. DeKalb County*, 300 Ga. App. 572, 572-573 (685 SE2d 472) (2009) ("We review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact." (citation and punctuation omitted.).

agreements. In February 2013, Moe's notified Titshaw that it was terminating its franchise agreements due to failure to pass certain required inspections.

Titshaw eventually filed suit to prevent termination of the franchise agreements. The parties submitted the dispute to binding arbitration and the arbitrator ultimately ordered that Moe's termination of the franchise agreements could only proceed after new inspections were conducted at both locations according to terms set by the arbitrator. Subsequently, only one of the locations passed the new inspection and Moe's sent another termination letter stating that the franchise agreement for the other location would terminate on a certain date.

Titshaw sought to challenge the validity of the re-inspection and met with representatives of CPMT who advised Titshaw that filing bankruptcy was the best way to attempt to save one or both locations. In an effort to reduce expenses, CPMT referred Titshaw to Geer.

In December 2014, Geer sent an email to Titshaw explaining that he had reviewed all relevant documents and advised that Titshaw either file for bankruptcy or file for a temporary restraining order. Ultimately, Titshaw asked Geer to file bankruptcy petitions for both locations. Following a hearing, the bankruptcy court modified the bankruptcy stay, which allowed Moe's to terminate the franchise

agreements based on provisions in their franchise agreement allowing for termination upon a franchisee's filing off a petition for bankruptcy. Thereafter, Titshaw continued to operate both of the locations for a few years until one location's lease expired. Titshaw entered into a settlement agreement to continue operating the remaining location.

In Janurary 2019, Titshaw filed a complaint for legal malpractice and disgorgement of fees against both CPMT and Geer. Subsequently, Titshaw amended his complaint to add claims for breach of contract against both CPMT and Geer. CPMT and Geer filed a motion to dismiss all claims, but the trial court only dismissed the legal malpractice claim on the ground that they were barred by the statute of limitations.

Geer filed a motion for summary judgment on Titshaw's remaining claims, and Titshaw's claims against CPMT were stayed pending arbitration. The trial court granted Geer's motion. In Case No. A23A0410, Titshaw appeals from the trial court's dismissal of his legal malpractice claims against CPMT and Geer and grant of summary judgment to Geer on his remaining claims. In Case No. A23A0439, CPMT appeals the denial of its motion to the dismiss the remaining claims against it.

4

1. In two separate enumerated errors, Titshaw contends that the trial court erred by dismissing its legal malpractice claim because it was barred by the statute of limitations.

"It has long been the law in this state that a cause of action for legal malpractice, alleging negligence or unskillfulness, is subject to the four-year statute of limitation in OCGA § 9-3-25." (Citation and punctuation omitted.) *Coe v. Proskauer Rose, LLP,* 314 Ga. 519, 525 (2) (878 SE2d 235) (2022). See OCGA § 9-3-25 ("All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied promise or undertaking shall be brought within four years after the right of action accrues.").

"Whether sounding in contract or tort, a legal malpractice action accrues and the applicable statute of limitation commences to run from the date that the alleged wrongful act breached the attorney-client relationship." *Gingold v. Allen*, 272 Ga. App. 653, 655 (613 SE2d 173) (2005). "The cause of action "arises immediately upon the wrongful act having been committed." (Citation and punctuation omitted.) *Duke Galish, L.L.C. v. Arnall Golden Gregory, L.L.P.*, 288 Ga. App. 75, 76 (653 SE2d 791) (2007). See also *Frates v. Sutherland, Asbill & Brennan*, 164 Ga. App. 243, 244 (1)

5

(296 SE2d 788) (1982) ("The statute commences to run from the date of the breach of duty, and not from the time when the extent of the resulting injury is ascertained.") (citation and punctuation omitted.).

Titshaw claims that he received advice from CPMT on November 10, 2014 to file for bankruptcy and that he received the same advice from Geer on December 26, 2014. These alleged breaches both occurred over four years before Titshaw filed his original complaint on January 22, 2019

Additionally, there has been no showing that the statute has been tolled for any reason. Titshaw argues in his brief that the act of filing the bankruptcy petitions was a new act triggering a new statute of limitations period. This argument, however, appears to be a "continuous relationship rule" argument and "there is no 'continuous representation rule' applicable to legal malpractice cases." *Duke Galish, L.L.C.,* 288 Ga. App. at 76. Accordingly, the trial court properly dismissed Titshaw's legal malpractice claim because it was barred by the statute of limitationa. See id. at 76-77.

2. Titshaw contends that the trial court erred by granting Geer's motion for summary judgment on his breach of contract claim. Titshaw argues that his breach of contract claims were not duplicative of his legal malpractice claims that were dismissed. We disagree.

6

Titshaw's claims for breach of contract against both Geer and CPMT are based upon the same conduct that forms the basis of the legal malpractice claim, that CPMT and Geer negligently advised Titshaw to file for bankruptcy. Accordingly, the trial court properly granted summary judgment to Geer on Titshaw's breach of contract claim.[3] See *Oehlerich v. Llewellyn*, 285 Ga. App. 738, 741 (647 SE2d 399) (2007) (holding that the trial court properly granted summary judgment on plaintiffs' breach of contract claim when it was simply a duplication of his legal malpractice claim).[4]

3. Titshaw contends that the trial court erred by dismissing his claim for attorney fees because his claims for legal malpractice and breach of contract were viable.

As discussed above, however Titshaw's claims for legal malpractice and breach of contract were not viable and thus, Titshaw would not be entitled to attorney fees.

---

[3] Due to the nature of his brief, it is unclear if Titshaw challenges the trial court's grant of summary judgment on his disgorgement claim, however we agree with the trial court that Titshaw has not shown that disgorgement can be maintained as a separate and distinct claim.

[4] Because we hold that the trial court properly granted summary judgment to Geer on Titshaw's breach of contract claim, we need not address any of Titshaw's arguments regarding damages or whether his unsigned fee agreement with Geer constituted a complete written contract. [W]e affirm a grant of summary judgment if it is right for any reason." *Swan Kang, Inc. v. Kang*, 243 Ga. App. 684, 687 (1) (534 SE2d 145) (2000).

See *Security Real Estate Svcs., Inc. v. First Bank of Dalton*, 325 Ga. App. 13, 14 (752 SE2d 127) (2013).

*Case No. A23A0439*

4. CPMT contends that the trial court erred by denying its motion to dismiss Titshaw's breach of contract claim against it because it was duplicative of his legal malpractice claim. We agree.

For the reasons, stated above in Division 2 of this opinion, Titshaw's breach of contract claim was duplicative of his legal malpractice claim and should have been dismissed. See *Smiley v. Blasingame, Burch, Garrard & Ashley, P. C.*, 352 Ga. App. 769, 776 (2) (2019); *Oehlerich*, 285 Ga. App. at 741.

*Judgment affirmed in Case No. A23A0410; Judgment reversed in Case No. A23A0439. Dillard, P. J., and Pipkin, J., concur*.